**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50947**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>ZANE FOREST FLEURY,<br><br>       **Defendant-Appellant.** | **Filed: November 25, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Mark T. Monson, District Judge.

Judgment of conviction and suspended, unified term of four years, with a minimum period of confinement of two years, for possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

_____

PER CURIAM

Zane Forest Fleury was found guilty of possession of a controlled substance. Idaho Code § 37-2732(c)(1).[1] The district court sentenced Fleury to a unified term of four years, with a minimum period of confinement of two years. However, the district court suspended the sentence and placed Fleury on probation. Subsequently, Fleury admitted to violating the terms of probation.

_____

[1] Fleury was also found guilty of misdemeanor possession of drug paraphernalia. Fleury does not challenge this conviction or sentence on appeal.

1

The district court continued Fleury on probation. Fleury appeals, arguing that his sentence is excessive.[2]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Fleury's judgment of conviction and sentence are affirmed.

---

[2]     Both appellant and respondent refer to Fleury's sentence as an "underlying sentence." We will interpret the term "underlying" to mean "unified" as defined in Idaho Code § 19-2513.